An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-828

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

IN THE MATTER OF:

M.C.                                           Vance County
                                               No. 08 J 95


Appeal by Juvenile from orders entered 11 January 2013 and 16 January 2013 by Judge J. Henry Banks in District Court, Vance County. Heard in the Court of Appeals 21 January 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Daphne D. Edwards, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Hannah Hall, for Juvenile-Appellant.*


McGEE, Judge.


Juvenile admitted to felonious breaking and entering on 7 September 2012. Judge J. Henry Banks adjudicated Juvenile delinquent on 21 September 2012. He ordered a Level 2 disposition, directing that Juvenile be placed on probation under the supervision of a court counselor for twelve months, under certain conditions. Judge Banks also ordered that

Juvenile could be confined on an intermittent basis for up to fourteen 24-hour periods, "specifically for obtaining new charges, violating curfew, and/or testing positive to marijuana."

The court counselor alleged in a document titled "Motion for Review on Probation Violation" filed on 9 November 2012 that Juvenile violated several conditions of his probation. Judge Banks held a hearing on 30 November 2012, found Juvenile had "violated the court's previous order" and continued the matter to 7 December 2012.

Judge S. Quon Bridges presided over Juvenile's probation violation hearing on 7 December 2012 and entered a written order, finding that Juvenile had violated the conditions of his probation, continuing Juvenile on probation, and ordering Juvenile "be placed in secure custody for 6 (six) 24 hour periods of confinement."

A hearing was held on 14 December 2012 before Judge Bridges. However, Juvenile's attorney was "not available for court[,]" and Judge Bridges continued the matter to 11 January 2013. He further provided the following conditions: (1) "that the juvenile shall follow the rules and regulations of his

father's home;" and (2) "that the juvenile shall remain at his father's residence at all times except to attend school."

Another hearing was held before Judge Banks on 11 January 2013. He entered a Level 3 disposition and commitment order on 11 January 2013 and an amended Level 3 disposition and commitment order on 16 January 2013. Juvenile appeals from the orders entered 11 January 2013 and 16 January 2013.

Juvenile first argues Judge Banks erred by entering a Level 3 disposition and commitment order because, following Judge Bridges' 7 December 2012 order, there was no motion for review filed, citing N.C. Gen. Stat. § 7B-2600 (2013). That statute reads as follows:

> *Upon motion in the cause or petition*, and after notice, the court may conduct a review hearing to determine whether the order of the court is in the best interests of the juvenile, and the court may modify or vacate the order in light of changes in circumstances or the needs of the juvenile.

N.C.G.S. § 7B-2600(a) (emphasis added).

Following Juvenile's probation violation hearing on 7 December 2012, Judge Bridges found that Juvenile violated several conditions of his probation and entered the following order:

1. He missed 46 days from school.

2. He missed a meeting with the child and family team at school.

3. He violated his curfew by coming home after 5:00 pm on several occasions.

4. He missed a meeting with Triumph and only attended 3 meeting[s] per week instead of 4 on occasion.

5. He tested positive for marijuana the first week of his probation on one occasion.

However, the Court finds that he should be continued on probation and given an opportunity to comply with the terms and conditions. He be placed in secure custody for 6 (six) 24 hour periods of confinement.

N.C. Gen. Stat. § 7B-2510(e) (2013) permits the trial court, upon finding that a juvenile violated conditions of probation, to enter one of several dispositions, as set forth below:

> If the court, after notice and a hearing, finds . . . that the juvenile has violated the conditions of probation set by the court, the court may continue the original conditions of probation, modify the conditions of probation, or, except as provided in subsection (f) of this section, order a new disposition at the next higher level[.]

N.C.G.S. § 7B-2510(e). The written order that Judge Bridges entered on 7 December 2012 finds Juvenile violated conditions of probation, and Judge Bridges ordered a continuation of the

original conditions of probation, one of the dispositions permitted by N.C.G.S. § 7B-2510, *supra*.[1]

N.C.G.S. § 7B-2600(a) requires that a motion in the cause or a petition be filed in order for a review hearing to be conducted and a determination to be made as to whether to modify or vacate a prior dispositional order. No motion in the cause or petition was filed, as required, that would permit Judge Banks to enter the 11 January 2013 order or the 16 January 2013 order, both of which modified the 7 December 2012 order of Judge Bridges. Juvenile has demonstrated that Judge Banks erred in entering an order on Juvenile's disposition in the absence of a motion in the cause or a petition, pursuant to N.C.G.S. § 7B-2600(a). The 11 January 2013 and 16 January 2013 orders of Judge Banks must be vacated. In light of our holding on this issue, we need not reach Juvenile's remaining arguments.

Vacated.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).

---

[1] The court reporter indicated in the transcript that there were substantial problems with a microphone on both 7 December 2012 and 11 January 2013. However, neither Juvenile nor the State argues that any statements relevant to this issue were omitted, and we are limited in our review to the record before us. *See* N.C.R. App. P. 9(a)(1)(e).